UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THERESA CARATOZZOLO,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GLOUCESTER TOWNSHIP PUBLIC SCHOOLS, *et al.*,<br><br>　　　　　　　Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:23-CV-03476-KMW-EAP<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** having come before the Court by way of the Motion of defendants Gloucester Township Education Association, New Jersey Education Association, and NJEA South UniServ (collectively, the "Union Defendants") to dismiss the Complaint of plaintiff Theresa Caratozzolo ("Plaintiff") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); the Court having considered the Union Defendants' Motion (ECF No. 5) and Plaintiff's Opposition thereto (ECF No. 12); and for good cause shown;

**IT IS** this **31st** day of **March 2024** hereby

**ORDERED** that the Union Defendants' Motion (ECF No. 5) is **GRANTED** as follows:

A.　Plaintiffs' claim for disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) (Count I) is **DISMISSED WITH PREJUDICE**[1];

---

[1] Generally speaking, an ADA action may only be brought against a party that was previously named in a charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1)(A) (stating that a civil action may be brought by an aggrieved person against respondents "named in the charge"). Here, Plaintiff does not dispute that the Union Defendants were not named respondents in her charge of

**B.** Plaintiff's state law claim for "breach of contract" (Count VIII) is **DISMISSED WITHOUT PREJUDICE** for want of subject matter jurisdiction[2];

**C.** The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (Counts XI–XIII), and they are accordingly **DISMISSED WITHOUT PREJUDICE**[3];

/s/ Karen M. Williams
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

discrimination with the EEOC. And while the Third Circuit has articulated an exception to this so-called "named respondent rule," Plaintiff does not invoke or otherwise argue for its application here. *See* Pl.'s Opp. at 4–6. Accordingly, her ADA claim against the Union Defendants must be dismissed for failing to exhaust her administrative remedies. *Accord Schafer v. Board of Public Educ.*, 903 F.2d 243, 252 (3d Cir. 1990) (declining to extend named-respondent rule in Title VII case where teacher had failed to name teacher's union in initial EEOC charge); *Weisberg v. Realogy Corp.*, 2012 WL 983727, at *4 (D.N.J. Mar. 22, 2012) (discussing application of Schafer in ADA context).

[2] Under the New Jersey Employer–Employee Relations Act (the "EERA"), a union has the exclusive right to represent the interests of public employees. *See* N.J. STAT. ANN. § 34:13A–5.3. "Along with this exclusive right . . . a union has a corresponding duty of fair representation, which means that it must process meritorious employee grievances in complete good faith, with honesty of purpose and without unfair discrimination against a dissident employee or group of employees." *Farber v. City of Paterson*, 440 F.3d 131, 143 (3d Cir. 2006) (quotation marks omitted). A union's breach of this duty constitutes an actionable "unfair practice" under EERA § 34:13A–5.4b, which may only be heard by the New Jersey Public Employment Relations Commission ("PERC"). *See D'Arrigo v. New Jersey State Bd. of Mediation*, 574 A.2d 44, 47 (N.J. 1990); *see also* N.J. STAT. ANN. § 34:13A–5.4(c) (vesting PERC with the "exclusive power" to hear unfair practices claims under the EERA).

Here, the Union Defendants submit that Count VIII of the Complaint—although styled as a "breach of contract" claim—is in fact a statutory claim for unfair practices under the EERA, and that this Court is consequently preempted from adjudicating it. *See* Defs.' Br. at 14–17. Plaintiff does not dispute this characterization and does not otherwise offer a legally relevant rebuttal. In fact, a separate portion of Plaintiff's Opposition expressly alleges that at least one of the Union Defendants violated EERA § 34:13A–5.4b. *See id.* at 4. It appearing that Plaintiff has conceded the Union Defendants' argument, the Court concludes that it lacks subject matter jurisdiction and dismisses Count VIII without prejudice so that Plaintiff may pursue it before PERC.

[3] Under 28 U.S.C. § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction over a plaintiff's state law claims if it has dismissed all claims over which it had original jurisdiction. "Where the claims over which the district court had original jurisdiction are dismissed before trial, 'the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Ass'n of New Jersey Rifle & Pistol Clubs, Inc. v. Christie*, 850 F. Supp. 2d 455, 462 (D.N.J. 2012) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). Having previously dismissed Plaintiff's ADA claim and determined that Count VIII must be litigated in a state forum, the Court concludes that there is no affirmative justification present for retaining jurisdiction over her remaining state law claims.